UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS, | No. 2:21-cv-00366-CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order dated June 30, 2021, the court dismissed plaintiff's original complaint and granted him leave to file an amended complaint within 30 days. Plaintiff filed a first amended complaint which is now before the court for screening.

**I.     Screening Standard**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## II.     Allegations in the First Amended Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule Creek State Prison ("MCSP").  The amended complaint raises an equal protection claim based on plaintiff's July 31, 2020 request for early release in order to mitigate the spread of COVID-19.  Defendant Holmes denied plaintiff's request even though another CDCR inmate serving a 125 year-to-life sentence was released early.  ECF No. 9 at 3-4.  Plaintiff is African American while the other CDCR inmate who was released was "Mexican."  ECF No. 9 at 4.  According to plaintiff, defendant Holmes' decision to deny plaintiff early release was racially motivated.  ECF No. 9 at 8.  Plaintiff alerted defendant Allison to this purported equal protection violation, but no timely response was received.  ECF No. 9 at 4.

Plaintiff subsequently tested positive for COVID-19 after being exposed to it on November 10, 2020 by defendant Singh who was the Canteen Manager at MCSP.  Defendant Singh was constantly coughing through the canteen window and acknowledged having COVID-19, but he was told to keep working by unidentified supervisory staff.  ECF No. 9 at 5.  On November 17, 2020, plaintiff notified defendants Allison, Covello, and Holmes of his exposure to COVID-19 from defendant Singh.  ECF No. 9 at 5.  As a result of contracting COVID-19, plaintiff "continues to suffer from severe difficulty breathing, pain and suffering, anguish, mental distress, nightmares, loss of sleep…, Post Traumatic Stress Disorder, excessive worry, … depression… [and] permanent physical injury…."  ECF No. 9 at 10.

Plaintiff alleges that defendants Allison, Covello, Holmes, and Singh were deliberately indifferent to his health and safety in violation of the Eighth Amendment by failing to take reasonable measures to quarantine defendant Singh in order to reduce the spread of COVID-19 at MCSP.  Plaintiff raises a separate Eighth Amendment violation against all four defendants based on his unsafe conditions of confinement that led to him contracting COVID-19.  He also raises a separate civil conspiracy claim and an equal protection claim against defendants Allison, Covello, and Holmes.

By way of relief, plaintiff seeks compensatory and punitive damages as well as

declaratory relief. Plaintiff also requests injunctive relief in the form of his immediate release from CDCR custody.[1]

### III. Legal Standards

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Deliberate Indifference to a Serious Medical Need

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

---

[1] To the extent that plaintiff seeks his immediate release from custody, he is advised that a petition for writ of habeas corpus is the exclusive means by which a prisoner can challenge the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973).

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### C. Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

### D. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Hartmann v. Cal. Dep't of Corrections and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601–02 (2008).  An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group.

Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–66 (1977).  Race constitutes a protected class.  Graham v. Richardson, 403 U.S. 365, 371-72 (1971).

### IV.    Analysis

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment conditions of confinement claim against defendant Singh for knowingly exposing plaintiff to a substantial risk of contracting COVID-19.  However, these same factual allegations are not sufficient to state an Eighth Amendment deliberate indifference claim because defendant Singh was not responsible for providing medical care as the canteen manager at the prison.

Plaintiff has not cured the deficiencies identified in the court's prior screening order with respect to defendants Allison, Covello, and Holmes because he simply alleges that, as supervisory officials, they failed to "remedy the wrong" once they were notified of it.  ECF No. 9 at 7.  Plaintiff does not allege that these defendants were the ones who told defendant Singh to keep on working after testing positive for COVID-19.  The amended complaint alleges that plaintiff notified these defendants after he had already been exposed to COVID-19.  However, prison officials must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists…."  Farmer v. Brennan, 511 U.S. at 837.  Absent this information, plaintiff has not properly plead an Eighth Amendment claim against defendants Allison, Covello, and Holmes.

Likewise, the civil conspiracy claim against defendants Allison, Covello, and Holmes is entirely conclusory.  Plaintiff does not allege any facts that would support an inference of an agreement between any of these defendants to racially discriminate against him.  Accordingly, the court finds that the allegations in the complaint fail to state a cognizable claim against defendants Allison, Covello, and Holmes.

With respect to the Fourteenth Amendment equal protection claim, the court is unable to determine whether plaintiff and the other inmate described in the amended complaint are similarly situated with respect to pre-existing medical conditions so as to qualify for expedited release due to the COVID-19 pandemic.  Furthermore, defendant Allison was notified after the

fact and defendant Covello merely assigned plaintiff's 602 appeal requesting early release. These factual allegations, accepted as true by the court, are not sufficient to link these defendants to the alleged Fourteenth Amendment violation for denying plaintiff expedited release. For all these reasons, plaintiff has failed to allege a Fourteenth Amendment violation against any defendant.

Plaintiff may elect to amend his complaint to attempt to cure the deficiencies identified in this screening order. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the Fourth Amendment excessive force claim against defendant Ross found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not

intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment conditions of confinement claim against defendant Singh; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment conditions of confinement claim against defendant Singh or of amending the complaint to fix the deficiencies with the remaining claims and defendants.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a second amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  October 27, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lewi0366.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>   Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants. | No.  2:21-cv-00366-CKD P<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_   Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claim against defendant Singh.  Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

\_\_\_\_\_   Plaintiff wants time to file a second amended complaint.

DATED:

_____
                                                                                                   Plaintiff