UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>       Plaintiff,<br><br>   v.<br><br>KATHLEEN ALISON, et al.,<br><br>       Defendants. | No. 2:21-cv-00366-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Currently pending before the court is defendant's motion to revoke plaintiff's in forma pauperis status on the ground that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g). ECF No. 35. In the alternative, defendant requests that the court declare plaintiff a vexatious litigant and require him to post security in order to continue with this case. ECF No. 35. Plaintiff has filed an opposition to the motion and defendant has filed a reply. ECF Nos. 42-43. For the reasons outlined below, the court recommends denying defendant's motion to revoke plaintiff's IFP status and request to

declare him a vexatious litigant.

## I. Factual and Procedural Background

Plaintiff commenced this action by filing a complaint on February 19, 2021.[1] ECF No. 1. At that time, plaintiff was incarcerated at Mule Creek State Prison. ECF No. 1 at 1. This court granted plaintiff's motion to proceed in forma pauperis on June 30, 2021. ECF No. 6.

This case is proceeding on plaintiff's first amended complaint filed on July 13, 2021 alleging an Eighth Amendment conditions of confinement claim against defendant Singh for knowingly exposing plaintiff to a substantial risk of contracting COVID-19 on November 10, 2020. See ECF No. 11 (screening order).

On September 28, 2022, defendant filed a motion to revoke plaintiff's IFP status based on five prior actions or appeals that defendant asserts were dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. ECF No. 35; see also 28 U.S.C. § 1915(g). Pursuant to Rule 201 of the Federal Rules of Evidence, defendant requests that the court take judicial notice of the court records from plaintiff's prior cases that are attached as exhibits. ECF No. 36. She further contends that plaintiff was not under imminent danger of serious physical injury at the time the complaint was filed to warrant continuing plaintiff's IFP status under 28 U.S.C. § 1915(g). As an alternative basis to dismiss the present action, defendant requests that the court declare plaintiff a vexatious litigant pursuant to Local Rule 151(b) and require him to post security in the amount of no less than $7,500 before proceeding further. ECF No. 35 at 16-24. In support of this request, defendant points to plaintiff's four federal cases in the Central District of California as well as two civil cases filed in the Los Angeles County Superior Court. ECF No. 35 at 19-20. To require security to be posted to continue this action, defendant also argues that there "is not a reasonable probability that plaintiff will prevail" in this action. ECF No. 35 at 21 (citing Cal. Code Civ. Proc. § 391.1). Defendant submits several declarations in support of the motion including one from Ashley Altschuler which describes the COVID-19 protocols at Mule Creek State Prison. See ECF No. 35-1, 35-2, 35-3. However, this declaration

---

[1] The constructive filing date is determined by using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

was not signed.[2]  See ECF No. 35-1 at 3.

In his opposition, plaintiff does not address the five cases relied upon in defendant's motion to revoke his in forma pauperis status. ECF No. 42. Instead, plaintiff contends that he was in imminent danger of serious physical injury at the time that he filed the complaint because he was still housed at Mule Creek State Prison where COVID-19 was still spreading. ECF No. 42 at 4. Plaintiff additionally indicates that he is unable to post any security to continue this case due to his indigency. ECF No. 42 at 1.

By way of reply, defendant points out that plaintiff "does not dispute that he has lost at least six actions in the last seven years…." ECF No. 43 at 2. Defendant further submits that plaintiff's complaint did not allege that he was in imminent danger at the time that he filed this action. ECF No. 43 at 3. Lastly, defendant argues that the evidence tendered in support of the motion demonstrates that there is "not a reasonable probability that Plaintiff will prevail in this action…." ECF No. 43 at 4.

**II.      Legal Standards**

**A. Three Strikes Rule**

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule. Under this statute, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In defining "frivolous," the Ninth Circuit Court of Appeal has concluded that a claim is frivolous when it lacks any "basis in law or fact" or is "of little weight or importance." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A claim is "malicious" when it is "filed with the intention or desire to harm another." Id. (internal quotations and citation omitted). Failing to state a claim has been interpreted to be equivalent to a dismissal pursuant to

---

[2] In light of the court's conclusion, infra at 8 n. 8, that a review of the merits of this case was not necessary to resolve the pending motion, the court did not grant defendant additional time to file a signed copy of this declaration and did not consider the contents of this declaration.

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893-94 (9th Cir. 2011) (citations omitted). Furthermore, a district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. See Andrews, 398 F.3d at 1119 n. 8. When reviewing whether a prior dismissal counts as a strike, the court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." Harris v. Harris, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotation marks and citations omitted). To count as a strike for purposes of § 1915(g), a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. Id. at 674.

In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d at 1121. If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121. A prisoner's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

### B. Vexatious Litigant Rule

Local Rule 151(b) of the Eastern District of California, provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Id. (emphasis added). This Local Rule adopts Section 391.1 of the California Civil Procedure Code which provides that a "motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and

that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." As a matter of state law, a vexatious litigant is defined, *inter alia*, as a person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person.…" Cal. Civ. Proc. Code § 391(b)(1).

Since Local Rule 151(b) is merely a procedural rule, federal law still controls the substantive definition of a vexatious litigant for determining when security, or any other sanction, can be imposed. See e.g., Williams v. Marsh, Case No. 1:19-cv-00309-NONE-SKO, 2020 WL 4735191, at *1 (E.D. Cal. Aug. 14, 2020) (collecting cases and emphasizing that "Local Rule 151(b) does not change the general rule that this court 'looks to federal law for the definition of vexatiousness….'"); Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016); Goolsby v. Gonzales, No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), report and recommendation adopted by 2014 WL 3529998 (E.D. Cal. July 15, 2014). Federal courts are vested with the authority to control abusive filings by litigants through the All Writs Act codified at 28 U.S.C. § 1651(a). While state law focuses on the number of lawsuits in the preceding seven year period that resulted in adverse determinations for determining vexatiousness, federal law focuses on the number of suits that were found to be frivolous or harassing in nature. See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). "To make such a finding, the district court needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." De Long, 912 F.2d at 1148 (citations and internal quotation marks omitted).

/////
/////
/////
/////
/////
/////
/////

**III.    Analysis**

**A.  Prior Civil Actions or Appeals**[3]

      1.  Lewis v. Soto, Case No. 2:15-cv-02938-CJC-SK (C.D. Cal.)

On August 7, 2019, the district court granted defendant's motion to dismiss plaintiff's amended complaint on the grounds of qualified immunity and the failure to state a prima facie RLUIPA claim.  See ECF No. 36 at 12-17.  In the absence of a federal claim, the district court declined to exercise supplemental jurisdiction over plaintiff's state law claim.  ECF No. 36 at 17.  A dismissal based on the court's refusal to exercise supplemental jurisdiction over state law claims does not constitute a strike.  Harris v. Harris, 935 F.3d 670, 674 (9th Cir. 2019).  Because the entire action was not dismissed on a qualifying reason under § 1915(g), the undersigned finds that defendant has not met her burden of demonstrating that this action constitutes a strike within the meaning of § 1915(g).  See Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1058 (9th Cir. 2016) (stating that "mixed dismissals do not constitute strikes unless the entire action is dismissed for a qualifying reason under the PLRA.").

      2.  Lewis v. Abdul-Wahab, et al., Case No. 2:17-c v-00969-CJC-SK (C.D. Cal.)

      3.   Lewis v. Mebane, et al., Case No. 2:16-cv-06571-CJC-SK (C.D. Cal.)

      4.  Lewis v. Kernan, et al., Case No. 2:17-cv-8395 (C.D. Cal.)

The docket sheets for all three of these cases demonstrate that they were removed from state court to federal court by defendants.  See ECF No. 36 at 24, 41, 55.  Therefore, plaintiff did not file these civil actions in federal court as required by 28 U.S.C. § 1915(g).  See Harris v. Mangum, 863 F.3d 1133, 1140 (9th Cir. 2017) (explaining that a case originally filed in state court and then removed to federal court does not constitute a strike because the prisoner did not bring the action "in a court of the United States" as required by § 1915(g)).  For this reason, the

---

[3] The court grants defendant's request for judicial notice of the court records in both federal and state court.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation and citation omitted).

undersigned concludes that defendant has not met her burden of demonstrating that these cases constitute strikes.

                5.    Lewis v. Tilton, et al., Case No. 1:07-cv-519-OWW-DLB-P (E.D. Cal.)

On February 4, 2009, the court issued Findings and Recommendations to dismiss plaintiff's amended complaint with prejudice as a sanction for making false representations to the court. ECF No. 36 at 114-119. These false representations were based on filing a fraudulent declaration as an exhibit to plaintiff's first amended complaint. ECF No. 36 at 116. In its dismissal order, the court found that plaintiff "intentionally and in bad faith made false representations to the court by filing the declaration…, and also during the hearing… with respect to the authenticity of the declaration." Id. at 118. This order was adopted in full on March 10, 2009 resulting in the dismissal of this action with prejudice. ECF No. 36 at 121. Based on the court's findings that plaintiff acted intentionally and in bad faith, the undersigned finds that this action constitutes a strike under 28 U.S.C. § 1915(g) as it was dismissed on grounds that equate to maliciousness. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Because defendant has only established that plaintiff has brought one prior civil action that counts as a strike, the undersigned recommends denying the motion to revoke plaintiff's in forma pauperis status.[4]

      **B.**    **Motion to Declare Plaintiff a Vexatious Litigant**

Defendant alternatively argues that plaintiff should be declared a vexatious litigant under Local Rule 151(b) and be required to post security of "not less than $7,500" in order to proceed with this action. ECF No. 35 at 23. In support of this request, defendant relies on six unsuccessful federal and state lawsuits that were filed since 2015. See ECF No. 35 at 19-20. However, the undersigned has already concluded that four of these cases do not count as strikes under the Prison Litigation Reform Act which is the more specific federal statute governing prisoner litigants. See 28 U.S.C. § 1915(g). The court is disinclined to find that the two

---

[4] In the interests of judicial economy, the court finds it unnecessary to address the issue of whether plaintiff meets the imminent danger exception to the three-strikes statute.

remaining state court cases should be utilized to declare plaintiff a vexatious litigant under the more generalized vexatious litigant standard.[5]  See Bulova Watch Co. v. United States, 365 U.S. 753 (1961) (holding that "a special statute relating solely to, and exclusively governing, tax refunds attributable to the carry-back provisions of the internal revenue laws, …prevails… over the general provisions" of a different provision of the Internal Revenue Code).  Moreover, defendant does not address how these cases meet the federal standard for vexatiousness.[6]  See ECF No. 35 at 19-20.  Simply because plaintiff lost a lawsuit does not necessarily mean that it was frivolous or harassing in nature.  Since having two cases determined adversely to plaintiff is not sufficient as a matter of state law, it certainly is not sufficient to meet the more demanding standard under federal law to be declared a vexatious litigant.  Defendant also emphasizes that plaintiff was declared a vexatious litigant in the Los Angeles County Superior Court and is now subject to pre-filing review of his cases in California state courts.  See ECF No. 35 at 18, 20.  However, this court will not rest a vexatious litigant determination on findings made by other judges in other tribunals.[7]  For all these reasons, the undersigned recommends denying defendant's motion to deem plaintiff a vexatious litigant, rendering the amount of security a moot point.[8]

**IV.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all the documents submitted, this court has concluded that only two of

---

[5] These are Lewis v. Chambers, Case No. MC026014 (Los Angeles County Superior Court); and, Lewis v. Asuncion, Case No. 19AVCV00139 (Los Angeles County Superior Court).
[6] Defendant does not rely on Lewis v. Tilton, et al., Case No. 1:07-cv-519-OWW-DLB-P (E.D. Cal.), dismissed with prejudice as a sanction for making false representations to the court, because it is too old.
[7] Likewise, it is of no consequence to this court that plaintiff was found to have four prior strikes under 28 U.S.C. § 1915(g) by the Central District of California and prohibited from proceeding in forma pauperis in future civil actions absent imminent danger.  See Lewis v. Soto, Case No. 2:15-cv-02938-CJC (SK) (C.D. Cal.).
[8] In light of this conclusion, the court also finds it unnecessary to determine whether there is a reasonable probability that plaintiff will succeed on the merits as required by Section 391.1 of the California Code of Civil Procedure.

your prior civil actions or appeals constitute "strikes" under 28 U.S.C. § 1915(g). As a result, the undersigned recommends denying defendant's motion to revoke your in forma pauperis status. The undersigned further recommends denying defendant's alternative request to declare you a vexatious litigant and require you to post security in order to proceed with this action.

If you disagree with this recommendation, you have 14 days to explain why it is the wrong result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.
2. Defendant's request for judicial notice of court records (ECF No. 36) is granted.

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status or, in the alternative, to declare plaintiff a vexatious litigant (ECF No. 35) be denied.
2. Defendant be ordered to file an answer to the first amended complaint within 21 days from the adoption of these Findings and Recommendations by the district court judge assigned to this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 7, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lewi0366.revokeIFP+vex.litigant